# In The United States Court of Federal Claims

No. 12-379C

(Filed: March 13, 2013)

_____

ATP OIL & GAS CORPORATION,

           Plaintiff,

  v.

THE UNITED STATES,

           Defendant.

_____

**ORDER**

_____

      Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the parties' concerns regarding protection of privileged material, the court hereby enters this clawback order to expedite and facilitate the production of electronic and hard copy data, information, and documents, and to protect against the inadvertent waiver of applicable privileges.

    1.    Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this order shall not result in the waiver of the attorney-client privilege, work-production protection, or other executive privilege as to those documents and data. Also, the production of privileged or protected documents or data under this order shall not result in the waiver of the attorney-client privilege, work-product protection, or other executive privilege as to those documents and data in any other federal or state proceeding.

    2.    If the producing party determines that it has produced document(s) or data to which it wishes to assert a claim of privilege or protection, counsel for the producing party shall notify the recipient promptly of its claim. As part of the notification, the producing party's counsel shall identify, by Bates number(s), the document(s) or data as to which the producing party is asserting a claim of privilege or protection. Upon receiving notice of a claim of privilege or protection by the producing party regarding produced document(s) or data, the recipient shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document(s) or data, as well as any copies thereof, and the recipient shall not use the information in the specified document(s) or data, except as provided by RCFC

26(b)(5)(B), until after the claim is resolved.  If the court upholds – or if the recipient does not challenge – the producing party's claim of privilege as to the produced document(s) or data, the recipient shall return or dispose of the specified document(s) or data, as well as any copies thereof.

3. The recipient shall notify the producing party's counsel upon identification of any document(s) or data which appears to be potentially privileged or protected.  Such notification shall not waive the recipient's ability to challenge any assertion of privilege or protection made by the producing party as to the identified document(s).  As part of the notification, the recipient shall identify, by Bates Number(s), the document(s) or data at issue.  The recipient shall segregate the specified document(s) or data, as well as any copies thereof, from the other materials, and the recipient shall not use the information in the potentially privileged or protected document(s) or data, except as provided by RCFC 26(b)(5)(B), for a period of 14 days after the date on which the recipient notifies the producing party's counsel.  Within the 14-day period, or any other period of time agreed to by the parties, the producing party shall determine whether it will assert a claim of privilege or protection as to the identified document(s), and its counsel shall notify the recipient of its determination.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge