# In The United States Court of Federal Claims

No. 12-379C

(Filed: March 13, 2013)

_____

ATP OIL & GAS CORPORATION,

            Plaintiff,

  v.

THE UNITED STATES,

            Defendant.

_____

**PROTECTIVE ORDER**

_____

      The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be sensitive or otherwise confidential and protectable and that entry of a protective order is necessary to safeguard the confidentiality of that information. Accordingly, the court hereby **ORDERS** that the parties shall comply with the terms of this protective order.

      This protective order is not intended to address or govern claims of privilege that may otherwise be asserted by any of the parties. This protective order is not intended to address or govern documents, material, and information which are prohibited from disclosure or nondisclosure by law, including without limitation, any statute, rule, order, or regulation. This protective order does not restrict in any manner a party's use of its own Protected Information (as defined in paragraph 1 below).

      This protective order does not relieve any party of its obligations to respond to otherwise proper discovery requests in a timely fashion. Nothing contained in this protective order, shall waive or impair the right of any party to contest the alleged relevancy, admissibility, or discoverability of documents or information sought or produced in discovery.

      Any party producing information, documents, or other material in this case (the designating party) may designate as Protected Information any information, document, or material that meets the definition of Protected Information set forth in this protective order. The producing party shall act in good faith when designating discovery material as protected pursuant to this protective order and act to minimize the number of documents designated as protected.

In the event that a non-party produces or discloses information for purposes of this litigation, that non-party shall be bound by the terms of this protective order and sign the confidentiality agreement. After signing the confidentiality agreement, the non-party may designate documents and information as Protected Information, and all parties and non-parties shall abide by the terms of this protective order with respect to such information.

This protective order shall not protect from disclosure or permit the protected designation of any document, information, or material that: (a) the party has not made reasonable efforts to keep confidential; (b) has been produced in any other action or proceeding without confidentiality protection, except inadvertently produced documents; or (c) has been lawfully obtained by and from another source.

1. <u>Protected Information Defined</u>. "Protected Information" as used in this order means proprietary, business, financial, technical, trade secret, or commercially sensitive information, as well as confidential information that is otherwise protected from disclosure under applicable law. Protected Information may be contained in:

    a. Any document (*e.g.*, a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

    b. Any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation;

2. <u>Restrictions on the Use of Protected Information</u>. Protected Information shall be used solely for the purposes of this litigation, including any appellate proceedings, and may not be given, shown, made available, discussed, or otherwise conveyed in any form, except as provided in this protective order and discovery orders prescribed by the court for this litigation. This paragraph is not intended to provide confidential treatment to motions, briefs, or other filed documents that are based generally on information contained in confidential materials, unless such motions, briefs, or court filings specifically disclose the substance of Protected Information.

3. <u>Individuals Permitted Access to Protected Information</u>. Except as provided in this protective order, the only individuals who may be given access to Protected Information are, following execution of the application form described in numbered paragraph 6, counsel for a party, independent consultants, experts, and staff assisting such persons in connection with this litigation, as well as any witnesses or deponents if the Protected Information is, in good faith, determined to be necessary to prepare the witness or deponent's testimony.

    4.       <u>Access to Protected Information by the Court and the Department of Justice</u>.  Personnel of the court, videographers, or court reporters working on the case are automatically subject to the terms of this protective order and are entitled to access to Protected Information.  Personnel in the Department of Justice are automatically subjected to the terms of this protective order following the execution and filing of the required application form.[1]

    5.       <u>Access to Protected Information by Support Personnel</u>.  Paralegal, clerical, and administrative support personnel, and vendors assisting any counsel admitted under this protective order may be given access to Protected Information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this protective order.

    6.       <u>Applying for Access to Protected Information</u>.  Persons seeking access to Protected Information must read this protective order, complete the appropriate application form (attached to this protective order as Attachments A and B), and file the executed application with the court.

    7.       <u>Objecting to an Application for Admission</u>.  Any objection to an application for access must be filed with the court on the court's electronic case filing system within two (2) business days of the objecting party's receipt of the application.

    8.       <u>Receiving Access to Protected Information</u>.  If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to Protected

---

[1] Defendant proposed inclusion of a clause in this protective order that provided:

> Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Protected Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

The court has repeatedly rejected the inclusion of such language in protective orders in the past, and the Rules Committee of this court recently rejected the inclusion of such language in Form 8, the court's standard protective order in procurement protest cases.  Further inclusion by defendant of this provision (or ones like it) in future proposed protective orders may lead to the imposition of sanctions on defendant for unnecessarily encumbering this court's process of issuing protective orders.  *See* RCFC 16(f).

   Information without further action by the court.  If any party files an
   objection to an application, access will only be granted by court order.

9. <u>Identifying Protected Information for Use in the Case</u>.  Protected
   Information shall be provided only to the court and to individuals admitted
   under this protective order and must be identified as follows:

   a. If provided in electronic form, the subject line of the electronic
      transmission shall read:  "CONTAINS PROTECTED
      INFORMATION"; or

   b. If provided in paper form, the document must be sealed in a parcel
      containing the legend, conspicuously marked on the outside:
      "PROTECTED INFORMATION ENCLOSED"; or

   c. If provided on electronic media (*i.e.*, a CD, DVD, etc.), the
      electronic media shall be marked with a legend stating:
      "CONTAINS PROTECTED INFORMATION."

   The first page of each document, deposition transcript, or exhibit
   containing Protected Information, including courtesy copies for use by the
   court, must contain a banner stating "Protected Information to Be
   Disclosed Only in Accordance With the Protective Order."

10. <u>Materials for Inspection</u>.  In the event that a party makes documents or
    materials available for inspection, rather than delivering copies to another
    party, no marking need be made in advance of the initial inspection.  For
    purpose of initial inspection, all documents made available for inspection
    shall be considered Protected Information.  Upon production of the
    inspected documents, or portions thereof, the party shall designate, in
    writing, within five (5) business days of production, which of the
    produced or copied documents and materials contain Protected
    Information.

11. <u>Filing Protected Information</u>.  Pursuant to this order, a document
    containing Protected Information may be filed electronically under the
    court's electronic case filing system using the appropriate activity listed in
    the SEALED menu.  If filed in paper form, with the court's permission, a
    document containing Protected Information must be sealed and must
    include as an attachment to the front of the parcel a copy of the certificate
    of service identifying the document being filed.

12. <u>Redacting Protected Documents For the Public Record</u>.

    a. <u>Initial Redactions</u>.  After filing a document containing Protected
       Information, or after later sealing a document which contains
       Protected Information, a party must promptly serve on the other

- 4 -

       parties a proposed redacted version marked "Proposed Redacted Version" in the upper right-hand corner of the first page with the claimed Protected Information deleted.

    b.    <u>Additional Redactions</u>.  If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within five (5) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties.  The filing party must then provide the other parties with a second redacted version of the document clearly marked "Agreed-Upon Redacted Version" in the upper right-hand corner of the page with the additional information deleted.

    c.    <u>Final Version</u>.  At the expiration of the period noted in sub-paragraph (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court on the court's electronic case filing system the final redacted version of the document clearly marked "Redacted Version" in the upper right-hand corner of the first page.  This document will be available to the public on the court's electronic case filing system.

    d.    <u>Objecting to Redactions</u>.  Any party at any time may object to another party's designation of certain information as protected.  The parties shall first work together to resolve informally any disagreements about whether information is properly redacted.  If the parties are unable to reach agreement, the objecting party may submit the matter to the court for resolution.  Until the court resolves the matter, the disputed information must be treated as protected.

13.    <u>Safeguarding Protected Information</u>.  Any individual admitted under this protective order must take all necessary precautions to prevent unauthorized disclosure of Protected Information, including, but not limited to, physically securing, safeguarding, and restricting access to the Protected Information.

14.    <u>Inadvertent Disclosure</u>.  The inadvertent or unintentional disclosure of Protected Information shall not be deemed to be a waiver of a party's claim of protection.  Any dispute regarding a party's waiver shall be governed by this Protective Order.  Unless a motion challenging the protected status of the document(s) is filed with the court for resolution, within five (5) business days of receiving written notification of an inadvertent or unintentional disclosure from the producing party, the receiving party shall destroy all prior copies of the material or information

and shall thereafter treat such material or information as Protected Information under this protective order.

15. <u>Waiving Protection of Information</u>.  A party may at any time waive the protections afforded by this protective order with respect to any information it has designated as protected by advising the court and the other parties in writing of the waiver and by identifying with specificity the Protected Information to which this protective order will no longer apply.  The party shall reproduce the information without the "Protected Information" legend.

16. <u>Breach of the Protective Order</u>.  If a party discovers any breach of any provision of this protective order, the party must promptly report the breach to the other parties and to the court, and immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to individuals not admitted under this protective order.  The parties must cooperate to determine the reasons for any such breach.

17. <u>Seeking Relief from the Protective Order</u>.  Nothing contained in this protective order shall preclude a party from seeking relief from this protective order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

18. <u>Modification of Protective Order</u>.  Any party may file a motion for a modification of the terms of this protective order.  The court has jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this protective order, notwithstanding the final termination or conclusion of this case.

19. <u>Maintaining Filed Documents Under Seal</u>.  The court will maintain properly marked protected documents under seal throughout this litigation.

20. <u>Disposing of Protected Information</u>.  Within thirty (30) days of the conclusion of this action (including any appeals and remands), all parties must destroy all Protected Information and certify, in writing, to each other party involved that such destruction has occurred or must return the Protected Information to the party from which the information was received.  With respect to protected electronically stored information (ESI) stored on counsel's computer network(s), destruction of such ESI for purposes of compliance with this paragraph shall be complete when counsel takes reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any

protected ESI from databases under counsel's control.  Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems.  Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

**IT IS SO ORDERED.**

                                                            s/ Francis M. Allegra
                                                            Francis M. Allegra
                                                            Judge

**(Attachment A)**

# In The United States Court of Federal Claims

No. 12-379C
_____

ATP OIL & GAS CORPORATION,

                      Plaintiff,

                      v.

THE UNITED STATES,

                      Defendant.

**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1.    I, _____, hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2.    a.  I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.

        b.  I [inside counsel only] am in-house counsel (my title is: _____) for _____, a party to this proceeding.

3.    I am [ ] am not [ ] a member of the bar of the United States Court of Federal Claims (the "Court").

4.    My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel.  I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.  I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of Protected Information could provide a competitive advantage.

5.    I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

_____

_____

_____

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

_____

_____

_____

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

_____

_____

_____

8. I [inside counsel only] have attached a detailed narrative providing the following information:

  a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

  b. the person(s) to whom I report and their position(s) and responsibilities;

  c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

  d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

  e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of Protected Information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any Protected Information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability

   \* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____        _____
Signature                                                                  Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

_____        _____
Signature of Attorney of Record                                    Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number

**(Attachment B)**

# In The United States Court of Federal Claims

No. 12-379C
_____

ATP OIL & GAS CORPORATION,

                      Plaintiff,

                      v.

THE UNITED STATES,

                      Defendant.

**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS**

1.    I, the undersigned, am a_____with _____ and hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2.    I have been retained by _____ and will, under the direction and control of _____, assist in the representation of _____ in this proceeding.

3.    I hereby certify that I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order.  Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor.  This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protective materials could provide a competitive advantage.

4.    My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding.  Neither I, nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5.    I have attached the following information:

    a.  a current resume describing my education and employment experience to date;

    b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

    c. a list of all clients for whom I have performed work within the two years prior to the date of this application and for whom the use of protected material could provide a competitive advantage and a brief description of the work performed;

    d. a statement of the services I am expected to perform in connection with this proceeding;

    e. a description of the financial interests that I, my spouse, and/or my family, has in any entity that is an interested party in this proceeding or whose Protected Information will be reviewed; if none, I have so stated;

    f. a list identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked, or have been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

    g. a list of the professional associations to which I belong, including my identification numbers.

6.     I have read a copy of the Protective Order issued by the Court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any Protected Information produced in connection with the proceeding. I will not disclose any Protected Information to any individual who has not been admitted under the Protective Order by the court.

7.     For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal to be submitted to any agency of the United States government for _____ when I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor or teaming member.

8.     For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal or submission to _____ nor will I have any personal involvement in any such activity.

9.     I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

    \* \* \*

- 3 -

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____    _____
Signature                                                                              Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number


_____    _____
Signature of Attorney of Record                                         Date Executed

_____
Typed Name and Title

_____
Telephone Number

_____
Fax Number